UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ALVIN WALKER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-594-ACA |
| | ) |
| **ERGON TRUCKING, INC.** | ) |
| **A Foreign Corporation, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

This action arises out of a February 13, 2017, motor vehicle accident involving Plaintiff Alvin Walker's car and a commercial tractor pulling a semi-tank trailer driven by Defendant Richard McGinnis. (Doc. 55-1 at 4, 23; Doc. 55-8 at 5; Doc. 55-12 at 2). Mr. Walker's third amended complaint states claims against Mr. McGinnis and his employer, Ergon Trucking, Inc. ("Ergon"), (collectively, "Defendants") for negligence, wantonness, and subsequent negligence. (Doc. 34). The Defendants move for summary judgment on all Mr. Walker's claims. (Doc. 58).

For the reasons set out below, the court **WILL GRANT** the motion and **WILL ENTER SUMMARY JUDGMENT** in favor of Defendants and against

Mr. Walker on all claims because he has not presented any evidence creating a genuine dispute of material fact about Defendants liability on those claims.

**I.     BACKGROUND**

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). But in cases where a video in evidence "obviously contradicts [the nonmovant's] version of the facts, [courts accept] the video's depiction instead of [the nonmovant's] account," *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (quoting *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010)), and "view[ ] the facts in the light depicted by the videotape." (*Id.*) (quoting *Scott v. Harris*, 550 U.S. 372 at 380–81 (2007)). Here, a dash-cam video recorder mounted in Mr. McGinnis's truck captured the accident along with over 100 seconds of pre-impact footage during which Mr. McGinnis's roadway movements can be seen. (Doc. 55-7). In addition, a nearby business's surveillance video camera captured the accident. (Doc. 55-15). Having reviewed the evidence in the light most favorable to Mr. Walker, except where either video obviously contradict his version of the facts, the court finds as follows.

The accident occurred in the right-hand travel lane of U.S. Highway 280 at the signalized intersection of Coosa Street in Mr. Walker's hometown of Sylacauga,

Alabama.  (Doc. 55-1 at 23–24).  Just before the accident occurred, Mr. Walker travelled up Coosa Street in the right-hand turn lane, with the intention of merging eastbound on Highway 280.  (Doc. 55-1 at 24, 27; Doc. 55-12 at 8–9).  The right-hand turn lane on Coosa Street channels into a 200-foot long auxiliary acceleration lane with painted roadway geometry to facilitate safely navigating the intersection and merging onto Highway 280.  (Doc. 55-17 at 4, 13).

Just as Mr. Walker approached the right turn into the auxiliary acceleration lane, Mr. McGinnis passed through the intersection traveling east on Highway 280.  (Doc. 55-7).  It is undisputed that Mr. McGinnis had a green traffic light and the right of way.  (Doc. 55-15).  As Mr. McGinnis came through the intersection, Mr. Walker drove across the right turn lane and straight through the white solid traffic line and entered Mr. McGinnis's travel lane directly into the path of Mr. McGinnis's truck without warning.  (Doc. 55-1 at 26; doc. 55-12 at 9).  Mr. Walker's vehicle hit Mr. McGinnis's truck 0.33 seconds later.  (Doc. 55-17 at 3, 13; Doc. 55-12 at 9).  According to the expert accident reconstructionist, Mr. McGinnis did not have time to slow down or avoid the collision.  (Doc. 55-12 at 8).

## II.  DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party,

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318. "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

1.   Negligence

Under Alabama law, negligence "is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995). "To establish negligence, [a] plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). Here, Defendants are entitled to summary judgment on Mr. Walker's negligence claim because Mr. Walker has not presented substantial evidence from which a reasonable jury could conclude that Mr. McGinnis breached a duty.

In this case, Mr. Walker alleges that Mr. McGinnis committed negligence by failing "to keep a proper lookout." (Doc. at 76 at 21). In support of his contention, Mr. Walker cites *Miller v. Cleckler*, 51 So.3d 379, 384 (Ala. Civ. App. 2010), for the proposition that Mr. McGinnis is liable for failing to look out for Mr. Walker

even if Mr. McGinnis followed all applicable driving rules and regulations. (Doc. at 76 at 21 n. 4 (*citing Miller v. Cleckler,* 51 So.3d 379, 384 (Ala. Civ. App. 2010))). But the facts of *Miller* are materially distinguishable from the facts found here. *Miller* involved drivers on the same roadway and addressed the duties owed to travelers in front and behind. *Miller*, 51 So.3d at 384 (*citing Cox v. Miller*, 361 So.3d 1044, 1046 (Ala. 1978)). Here, Mr. McGinnis's vehicle struck Mr. Walker's vehicle as Mr. Walker merged into oncoming traffic at an intersection. (Doc. 55-1 at 24 97:15–19). And the duties owed to other drivers at an intersection are different than the duties owed to drivers on the same road.

It is true that all drivers owe each other a "general duty to operate an automobile with careful and prudent regard for the safety of others." *Pearson v. Fountain*, 189 So. 2d 551, 553 (Ala. 1966) (citation omitted). But "there is no duty imposed as a matter of law" on a driver approaching an intersection "to keep a special lookout for other vehicles when a driver is observing the rules relating to traffic signals." *Id.* (citing *Smith v. Kifer*, 52 So. 2d 399, 402 (Ala. Civ. App. 1951)). This is because, in the absence of actual knowledge that the intersection is a dangerous one, "[a]n operator of a motor vehicle approaching an intersection may presume that others will obey the traffic laws and regulations." *Id.* (citing *Smith*, 52 So. 2d 399 at 402).

Here, the evidence is undisputed that the accident "occurred right at the intersection" of Highway 280 and Coosa Street." (Doc. 55-1 at 24 97:15–19). It is further undisputed that Mr. McGinnis's traffic light was green as Mr. McGinnis entered the intersection (doc. 55-7 at 23:01:12), giving Mr. McGinnis the right of way. And, there is no evidence that this intersection is particularly dangerous, much less that Mr. McGinnis had knowledge of that danger. In fact, this was the first time Mr. McGinnis ever drove through this intersection. (Doc. 55-8 at 8 25:24 –9 26:3). Accordingly, Mr. McGinnis did not have a duty to keep a special lookout for Mr. Walker's vehicle.[1]

But even if Mr. McGinnis breached a duty he owed Mr. Walker, Mr. Walker's negligence claim still does not survive summary judgment because Mr. Walker's own negligence contributed to his injuries. In Alabama, contributory negligence is an affirmative and complete defense to negligence. *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006). To prevail on this defense, Defendants have the burden of proving that Mr. Walker (1) had knowledge of the dangerous condition; (2) appreciated the danger, and (3) failed to exercise reasonable care by putting himself in the way of danger. *Id.* "[I]t has long been recognized that contributory negligence

---

[1] In fact, the record establishes that Mr. McGinnis owed Mr. Walker a lower, general standard of care because Mr. Walker's premature entrance into the travel lane caused a sudden emergency. (*See* Doc. 55-17 at 23). Thus Mr. McGinnis "is not held to the same correctness of judgment and action that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or preventing injury." *Bettis v. Thornton*, 662 So. 2d 256, 257 (Ala. 1995) (*citing Burns v. Martin*, 589 So.2d 147, 149 (Ala. 1991)).

may also be predicated upon the failure to appreciate the danger when there is a reasonable opportunity to do so under the circumstances." (*Id.*). Whether a plaintiff is contributorily negligent is normally a question for the jury. *Serio*, 941 So.2d at 964. However, "if the facts are such that all reasonable persons would logically reach the conclusion that the plaintiff was contributorily negligent, then contributory negligence may be found as a matter of law." *Id.*

To prevail on summary judgment, Defendants must establish that Mr. Walker understood, or should have understood, the danger posed by crossing over the solid white line and entering a travel lane where he did not have the right of way and did not look to see if there was oncoming traffic. *Serio*, 941 So.2d at 965 (citations omitted). In this case, the evidence establishes that Mr. Walker clearly understood the risk posed by his actions. He testified that he understood the significance of the solid white traffic line (doc. 55-1 at 24 89:3–6), and that, as the merging vehicle, he was required to yield to the right of way (*id.* at 25 90 913). Mr. Walker also admitted that he did not look for approaching traffic before he merged onto Highway 280. (*Id.* at 26 97:1518). Based on this evidence, the risk is self-evident and "all reasonable people would logically have to conclude that [Mr. Walker] would have, or should have, consciously appreciated that danger" when he merged into oncoming traffic. *Serio*, 941 So.2d at 965.

Mr. Walker contends that even if he was contributorily negligent when pulling onto Highway 280, the defense does not apply to shield Defendants from liability because of Mr. McGinnis's subsequent negligence. Subsequent negligence allows a negligent plaintiff to escape the contributory negligence bar under certain limited circumstances. *Zaharavich v. Clingerman By & Through Clingerman*, 529 So. 2d 978, 979 (Ala. 1988). To prevail on this theory Mr. Walker must establish, among other things, that he was in a perilous position and Mr. McGinnis had actual knowledge of this peril.

Assuming Mr. Walker established that he was in peril just before the accident and that Mr. McGinnis knew of this peril, the subsequent negligence doctrine does not apply because the accident occurred within the same second it became apparent that Mr. Walker was going to cross the solid white line and enter Mr. McGinnis's travel lane. *Baker v. Grantham*, 585 So. 2d 896, 897 (Ala. 1991) (citing *Eason v. Comfort*, 561 So. 2d 1068 (Ala. 1990) ("[T]he subsequent negligence doctrine does not apply where the manifestation of the plaintiff's peril and the accident are virtually instantaneous.")). According to the uncontroverted testimony of an expert accident reconstructionist, Mr. McGinnis had less than one second between the time it became apparent that Mr. Walker was going to enter his lane and when the accident occurred. (*See* Doc. 55-12 at 10). Because there was not enough time to prevent the

accident from occurring (*see id.*), the doctrine of subsequent negligence does not apply. *See Shows v. Donnell Trucking Co.*, 631 So. 2d 1010, 1013 (Ala. 1994).

Based on the foregoing, the court finds the evidence establishes as a matter of law that Mr. Walker's own negligence contributed to the cause of his accident with Mr. McGinnis and Mr. McGinnis was not subsequently negligent. Accordingly, the court **WILL GRANT** Defendants' motion for summary judgment on the claim for subsequent negligence.

    2.    <u>Wantonness</u>

Under Alabama law, "wantonness" is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 101 (Ala. 2010) (quotation marks omitted). "To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." (*Id.*) (quotation marks omitted). "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton . . . misconduct is [] acting, with knowledge of danger, or with consciousness, that the doing or not doing of

some act will likely result in injury . . . ." *Cheshire v. Putman*, 54 So. 3d 336, 343 (Ala. 2010) (quoting *McNeil v. Munson S.S. Lines*, 184 Ala. 420, 423 (1913)).

Defendants contend that they are entitled to summary judgment on Mr. Walker's wantonness claim because Mr. Walker has not presented any evidence that Defendants consciously disregarded his safety or knew that Mr. McGinnis's acts or omissions would make his injuries likely or probable. (Doc. 59 at 28-29). This court agrees.

Mr. Walker has presented no evidence that Mr. McGinnis acted consciously or intentionally. (Doc. 55-8 at 13). Mr. Walker argues that Mr. McGinnis's failure to slow down, observe Mr. Walker, appreciate Mr. Walker's peril, and warn Mr. Walker of his presence constitutes a conscious disregard for Mr. Walker's safety. (Doc. 76 at 26). However, the undisputed evidence establishes that the intersection was designed to encourage eastbound traffic to continue through it at full speed. (Doc. 55-17 at 23). And, the channelized, continuous-flow right turn lane was designed to allow traffic to travel through the intersection without any conflicts or potential hazards from Coosa Street's northbound traffic. (Doc. 55-17 at 23). Therefore, there was no reason for Mr. McGinnis, who had the right of way, to slow down or warn Mr. Walker of Mr. McGinnis's approach. And, because Mr. Walker's car was travelling at a speed consistent with the design of the

continuous flow right-turn lane, there was no reason for Mr. McGinnis to suspect peril. (*Id.*).

Because Mr. Walker has not presented any evidence from which the court could infer facts that would support a wantonness claim, the court **WILL GRANT** Defendants' motion for summary judgment as to the claim for wantonness.

## III.   CONCLUSION

The court **WILL GRANT** Defendants' motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in a separate order in favor of Defendants' and against Mr. Walker on all claims.

**DONE** and **ORDERED** this November 19, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE